# IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

THOMAS J. CHASE and )
MELISSA CHASE, )
       Plaintiffs )  DC Docket No.: 15C1244
        )
vs. ) Division I
        )
ALLSTATE INDEMNITY COMPANY, ) JURY DEMANDED
INC., an Illinois corporation, )
        )
       Defendant )

*Filed 2015 OCT 19 PM 2:27, LARRY L. HENRY, CLERK*

## COMPLAINT

Come now the plaintiffs, Thomas J. Chase and Melissa Chase, and for complaint for breach of insurance contract, bad faith and violation of the Tennessee Consumer Protection Act against this defendant would state as follows:

## FACTS

1.

Prior to October 1, 2014, the plaintiffs acquired the subject real estate and house located at 1911 Huff Place, Chattanooga, Hamilton County, Tennessee.

2.

On or before October 1, 2014, the plaintiffs acquired the subject insurance policy by purchase from the defendant, Allstate Indemnity Company, covering the subject real estate for loss, including fire. (See Exhibit "A").

3.

During the month of October, 2014, the plaintiff(s) invested considerable time and investment into improving the subject real estate.

4.

On October 21, 2014, the subject property was destroyed by fire, a covered loss under the policy. This occurred at a time when the plaintiff, Thomas J. Chase, and his son were in a motel in Chattanooga, many miles away from the subject property.

5.

Plaintiff(s) duly and timely gave notice to the defendant of the loss, submitted a proof of loss claim and fully cooperated with all requirements under the policy to receive the benefit of the contractual insurance benefits afforded thereunder. The proof of loss claim is attached hereto as Exhibit "B".

6.

Defendant, Allstate Indemnity Company, without any proof whatsoever, denied the plaintiffs' claim as shown by the denial letter attached hereto as Exhibit "C".

## COUNT I - BREACH OF INSURANCE CONTRACT

7.

Plaintiffs incorporate paragraphs 1 through 6 as if fully set out herein to this Count I.

8.

Plaintiffs paid the proper premium and performed all requirements to receive the policy of insurance on the subject real estate (Exhibit "A") as issued by the defendant.

9.

Plaintiffs suffered a covered loss caused by fire on October 21, 2014.

**10.**

Plaintiffs performed all requirements under the policy necessary to receive the coverage and benefits for the subject loss.

**11.**

Defendant, Allstate, has failed, refused, and denied payment on a pre-textual basis accusing the insureds, the plaintiffs, of arson.

**12.**

Plaintiffs in no way intentionally set fire to the subject property, nor conspired or had the property burned by fire at their request on the date and time of the subject loss, and there was no compelling evidence that would justify the defendant's denial.

**13.**

Defendant breached the subject insurance contract by denying the subject claim and failing to pay the covered loss to the plaintiffs.

**14.**

Defendant owes the plaintiffs the amount listed in the proof of loss attached as Exhibit "B, including rental loss, prejudgment interest and costs.

WHEREFORE, plaintiffs sue defendant, Allstate, for an amount up to One Hundred Seventy Thousand and 00/100 ($170,000.00) Dollars plus interest and costs and demand a jury to hear this cause.

## COUNT II - BAD FAITH

**15.**

Plaintiffs incorporate paragraphs 1 through 14 as if fully set out herein to this Count II.

16.

The basis of the defendant's denial was pre-textual and part of a business practice of blaming unexplained fire loss upon the insured.

17.

Payment by the defendant has been due since the proof of loss was supplied.

18.

A formal demand for payment was made by letter to defendant's attorney on March 10, 2015.

19.

The insured has waited more than the required sixty (60) days for penalties for violation under T.C.A. §56-7-105(a) before filing this suit.

20.

The defendant's refusal to pay was not in good faith.

21.

The defendant's failure to pay inflicted additional expense, loss, or injury, including attorney fees, warranting the full penalty under the statute.

WHEREFORE, plaintiffs request an award of all penalties provided under T.C.A. §56-7-105.

## COUNT III - TENNESSEE CONSUMER PROTECTION ACT

22.

Plaintiffs incorporate paragraphs 1 through 21 as if fully set out herein to this Count III.

23.

The defendant arbitrarily denied the plaintiffs' claim based upon manufactured supposition in the fact of evidence the plaintiffs, including family, were not near the premises at the time the fire loss occurred.

24.

Such is a deceptive practice on the part of the defendant where, as a default, the exact cause or identity of the one responsible for the fire cannot be readily identified, defendant accuses the insured of arson as in this case.

25.

Such deception is prohibited by the Tennessee Consumer Protection Act, T.C.A. §47-18-101, et seq. (TCPA).

WHEREFORE, plaintiffs request an award of all damages allowed under the TCPA, including attorneys fees, interest and costs. Plaintiffs demand a jury to hear this cause.

Respectfully submitted,

McMAHAN LAW FIRM

By:_____
James R. Kennamer, BPR #16172
Attorneys for Plaintiffs
P.O. Box 11107
Chattanooga, TN 37401
423/265-1100
Fax: 423/266-1981